UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERY WHITEHEAD AND<br>PHYLLIS WHITEHEAD | CIVIL ACTION |
| VERSUS | No. 06-8115 |
| STATE FARM INSURANCE<br>COMPANY AND KEVIN<br>SHEEHAN | SECTION "C" |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiffs, Jeffery Whitehead and Phyllis Whitehead (collectively, "Plaintiffs") (Rec. Doc. 5), in which they claim that their insurance agent, Kevin Sheehan ("Sheehan"), was not fraudulently joined and that this Court does not have jurisdiction over their case under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").[1] Defendants, State Farm Insurance Company ("State Farm") and Sheehan filed a joint opposition to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that remand is inappropriate at this time.

"The burden of persuasion placed upon those who cry 'fraudulent [improper] joinder' is

---

[1] The Defendants do not address whether the Court has jurisdiction under the MMTJA in their opposition memorandum, but they did raise the argument in their Notice of Removal. This Court agrees that the MMTJA does not apply to this case. See, *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 2006 WL 2873562 (E.D.La.) (J. Berrigan).

indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court.  *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc); see also, *Melder v. Allstate Corp*., 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .")  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  *Smallwood*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

The Plaintiffs assert that Sheehan was not fraudulently joined.  They argue that the allegations against Sheehan in their state court petition allege a cause of action against the insurance agent under Louisiana law.  Specifically, they claim that Sheehan breached a duty to

properly advise them on their insurance coverage. They also claim that they "retained [Sheehan] to provide advice, and to act as their agent in procuring necessary insurance coverage for the property that was adequate to fully protect the building." Furthermore, they allege that Sheehan should have assessed their insurance needs and that he breached an agreement with them to procure adequate insurance coverage.

Sheehan and State Farm disagree. They assert that Sheehan was improperly joined to the action because the Plaintiffs cannot state a cause of action against him for which relief can be granted. First, they argue that any claims against Sheehan are perempted by Louisiana Revised Statute § 9:5606.[2] Next, they argue that Sheehan did not owe a duty to the Plaintiffs to independently identify their insurance needs. Finally, they argue that, if Sheehan were liable to the Plaintiffs, that his liability would be imputed to his employer, State Farm.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage and to promptly notify the client if it fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir. 1990); *Karam v. St. Paul Fire & Marine Insurance Co.,* 281 So.2d 728 (La. 1973); *Graves v. State Farm Mutual Auto Insurance Co*., 821 So.2d 769, 2001-1243 (La. App. 3 Cir. 6/26/02); *Cambre v.*

---

[2] Louisiana Revised Statute § 9:5606 provides in relevant part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

*Travelers Indemnity Co.*, 404 So.2d 511 (La. App. 4 Cir. 1982).  See also, *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon).  However, there is no case that imposes a duty on an agent to identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage.  See, *Bilbe v. Belsom*, 2006 WL 3388482 (E.D.La.) (J. Barbier); *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D.La.) (J. Vance).

The Plaintiffs allege that Sheehan had a duty to identify their insurance needs.  The Plaintiffs do not allege that they requested a specific type or amount of coverage that Sheehan failed to provide, but rather that he did not independently assess their needs and recommend coverage.  As stated above, there is no such duty under Louisiana law. Thus, the Plaintiffs did not state a claim against Sheehan.

Furthermore, any claims that the Plaintiffs may have had against Sheehan are perempted by Louisiana Revised Statute § 9:5606.  The Plaintiffs obviously renewed their policy every year since they originally purchased it in 2001. In general, renewals of insurance policies do not operate to restart peremption.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)).  However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages.  *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04).  The inquiry is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

Here, there are no allegations that the Plaintiffs relied on any statements or actions by

Sheehan regarding their coverage at the yearly renewal periods.  In fact, State Farm and Sheehan assert that "it is undisputed that [the] plaintiffs never had any other contact with Kevin Sheehan regarding the policy, its coverage, its limitations, its exclusions, or contents."  Thus, there is no evidence of renewed reliance after the original placement of the insurance, making this case is distinguishable from those in which this Court found that the plaintiffs may have relied on the insurance agent's statements at the time of the policy renewals or due to periodic changes in the policy.  See, *Fidelity Homestead Ass'n v. Hanover Ins. Co.,* 2006 WL 2873562 (E.D.La.) (J. Berrigan); *Three X, L.L.C. v. Lexington Ins. Co.*, 2006 WL 3142276 (E.D.La.) (J. Berrigan); *Giardina, et. al. v. Allstate Ins. Co., et. al.* 06-6451 (E.D.La. 11/22/2006) (J. Berrigan). Therefore, any claims against Sheehan are perempted by Louisiana Revised Statute § 9:5606.

Based on the record and the law, the Court finds that the defendants have established that all of the properly joined parties were diverse on the date of removal.

Although there is diversity between the plaintiffs and the properly joined defendants, the Court cannot fully accept that it has subject matter jurisdiction. In their motion to remand, the Plaintiffs assert that the jurisdictional amount is over $75,000.  The defendants have also made this statement.  However, neither side has offered proof that this assertion is true.  The parties are reminded that they may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Affirmative proof as to the jurisdictional amount is required.

For the reasons stated above,

IT IS ORDERED that the Motion to Remand is **DENIED**.

IT IS FURTHER ORDERED that the parties respond more fully in writing and before

December 30, 2006 to the Court's order concerning the existence of the jurisdictional amount. See, Rec. Doc. 4.

New Orleans, Louisiana this 14th day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE